**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **KELLY LYNETTE MITCHELL,** | No. 13-17394 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00358-CMK |
| v. | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | **MEMORANDUM**<sup>*</sup> |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Craig M. Kellison, Magistrate Judge, Presiding

Argued and Submitted January 7, 2016
San Francisco, California

Before:    **WALLACE** and **KOZINSKI**, Circuit Judges, and **WHALEY**,<sup>**</sup>
Senior District Judge.

Appellant Kelly Lynette Mitchell appeals from the Magistrate Judge's order

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The Honorable Robert H. Whaley, Senior District Judge for the U.S. District Court for the Eastern District of Washington, sitting by designation.

affirming the Commissioner's denial of her application for disability benefits under the Social Security Act, 42 U.S.C. §§ 401-434 & 1381-1383f. We affirm.

Mitchell alleges the Administrative Law Judge ("ALJ") erred by: (1) improperly rejecting the opinion of examining physician Dr. Patrick Wong, MD; (2) failing to account for his own finding of moderate limitations in concentration, persistence, and pace; and (3) failing to properly consider lay witness testimony.

**Rejection of Examining Physician's Opinion**

An ALJ must give more deference to the opinion of a treating or examining physician than that of a non-examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (as amended). If contradicted, an examining physician's opinion may be rejected for "specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.

In the instant case, two state agency physicians, Drs. Wong and Loomis, authored inconsistent opinions on Mitchell's ability to adapt to a workplace and workplace stressors. Both doctors found Mitchell able to carry out simple instructions, but Dr. Wong opined that when exposed to workplace stressors, Mitchell was at a high risk for functional deterioration. Dr. Loomis, on the other hand, determined that Mitchell was able to maintain concentration, persistence, and pace throughout a normal workday when restricted to simple tasks, and that she

could adequately interact with co-workers and supervisors. Dr. Loomis recommended Mitchell's contact with the general public be restricted.

Although Dr. Wong examined Mitchell and Dr. Loomis did not, the ALJ reduced the weight given to Dr. Wong's opinion because it did not reflect the progress shown by Mitchell in subsequent visits with her treating psychiatrist. Mitchell visited Dr. Saba Rizvi, MD, for several months after visiting Dr. Wong, and the record demonstrates a pattern of improvement. The functional capacity assessed by Dr. Loomis is more consistent with the record, and we find no error in the ALJ's decision to assign great weight to Dr. Loomis's opinion.

**Mitchell's Functional Limitations in Her Residual Functional Capacity**

Mitchell claims that the ALJ's failure to include his own finding of moderate limitations in concentration, persistence, and pace in the residual functional capacity assessment constitutes reversible error. We disagree.

Both Drs. Wong and Loomis assessed Mitchell capable of simple tasks. In turn, the ALJ restricted Mitchell to "simple, repetitive tasks" in his determination of Mitchell's residual functional capacity. Based on this residual functional capacity, a vocational expert opined that Mitchell was capable of working; however, the vocational expert also stated that the addition of moderate limitations in concentration, persistence, and pace would preclude her from work.

This is similar to our previous holding in Stubbs-Danielson v. Astrue, 539 F.3d 1169 (9th Cir. 2008), in which the ALJ adequately accounted for the claimant's moderate limitations with regard to pace by limiting the claimant to simple tasks at the recommendation of a non-examining state agency consultant upon review of the medical record. Id. at 1173-74. In determining benefit eligibility, the ALJ in Stubbs-Danielson rejected the portions of the vocational expert testimony that were not specific to the residual functional capacity assessed to the claimant. Id.

Here, the ALJ accounted for Mitchell's moderate functional limitations in the residual functional capacity. See id. at 1174 (holding that an ALJ's "assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony"). Because the ALJ's assessment of Mitchell's residual functional capacity was proper and complete, the ALJ's hypothetical question based on that residual functional capacity was also proper and complete. See id. at 1175-76. Thus, the ALJ was entitled to find that Mitchell was not disabled based on the vocational expert's response to his question. The ALJ was also entitled to reject the portion of the vocational expert testimony that was not responsive to the

limitations he identified in his residual functional capacity assessment. See id. at 1173-74.

**Rejection of Lay Witness Testimony**

Finally, we find no error with the ALJ's rejection of lay witness testimony by Sally Lofthus, a former employer of the claimant.

To discount lay testimony, an ALJ must provide germane reasons. Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993). An ALJ must "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). However, non-medical testimony cannot establish a diagnosis or disability absent corroborating competent medical evidence. Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996).

The ALJ considered the contents of Lofthus's letter, but chose not to give weight to Lofthus's opinion that Mitchell could not work because it was a determination of disability. The opinion that Mitchell is unable to work is not supported by the medical evidence, and it is non-medical testimony that attempts to establish disability, which is impermissible. Id.

**AFFIRMED.**